UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE BABCOCK & WILCOX COMPANY | CIVIL ACTION |
| VERSUS | NO. 05-4202 |
| MCGRIFF, SEIBELS & WILLIAMS, INC and<br>MCGRIFF, SEIBELS & WILLIAMS OF TEXAS, INC. | SECTION "J"(1) |

## ORDER AND REASONS

Before the Court is Defendant McGriff, Seibels & Williams, Inc.'s and McGriff, Seibels & Williams of Texas, Inc.'s (MSW and MSW Texas) Motion For More Definite Statement And Incorporated Memorandum In Support (Doc.9) filed December 19, 2005. The parties waived oral argument and the matter was taken under submission on April 5, 2006.

**BACKGROUND**

MSW and/or MSW Texas provided insurance brokering and consulting services to plaintiff, The Babcock and Wilcox Company (B&W). B&W employed MSW and/or MSW Texas to obtain and deliver various excess liability policies of insurance covering the policy period from January 1, 2003 through January 1, 2004. In addition, MSW and/or MSW Texas were to perform certain claims services related to these policies.

In September of 2003, B&W was served with a complaint filed in Illinois state court by

1

Citgo Petroleum Corporation and PDV Midwest Refinery, L.L.C., seeking recovery of damages arising out of a fire that took place at its Lemont, Illinois refinery in August of 2001 (Citgo claim).  B&W alleges that MSW and/or MSW Texas notified the first and second layer of insurance but failed to timely notify the third layer of insurance issued by Starr Excess Liability Insurance Exchange (Starr).  Starr, consequently denied coverage on the claim.  As a result, B&W asserts that it has lost the benefit of a settlement offer that would have limited its exposure to available insurance limits.  B&W, therefore, seeks declaratory relief that MSW and/or MSW Texas are responsible for any losses in excess of insurance coverage that B&W may incur in the future as a result of the underlying Citgo claim.

Defendants MSW and MSW Texas have filed a motion for a more definite statement. Defendants request that this Court order B&W to amend its complaint to identify which Defendant company and which individual employees of MSW and/or MSW Texas are associated with the acts or omissions alleged in the complaint and to identify the time and place where each alleged act or omission occurred.

**LAW**

Federal Rule of Civil Procedure 12(e) provides that a motion for more definite statement may be filed when "...a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading..."  The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Advanced Communications Technologies, Inc. V. Li*, No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (citing *Bower v. Weisman*, 639

F.Supp. 532, 538 (S.D.N.Y. 1986)).

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides in pertinent part, "A pleading which sets forth a claim for relief...shall contain...a short and plain statement of the claim showing the pleader is entitled to relief..." Federal Rule of Civil Procedure 9(f), which should be read in conjunction with Rule 8, states that averments of time and place are material for the purpose of testing the sufficiency of a pleading; specific pleading of these averments, however, is not required.

The 12(e) motion is disfavored, in that "in view of the great liberality of F.R.Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) . *See generally* 5A C. Wright and A. Miller, Federal Practice and Procedure § 1377 (2nd ed. 1990).

The availability of extensive discovery is another factor in the disfavored status of the motion for more definite statement. Such a motion is inappropriate where the information sought can otherwise be obtained by discovery. *Gibson v. Deep Delta Contractors, Inc.*, No. 97-3791, 2000 WL 28174, at *6 (E.D.La. Jan 14, 2000). When a defendant needs additional information to prepare for trial, discovery is the proper procedure instead of a 12(e) motion. *Federal Deposit Ins. Corp. V. Fidelity and Deposit Co. Of MD*, 118 F.R.D. 435, 437 (M.D.La 1988). *See also Fleming v. Transocean Offshore USA Inc.*, No. 04-2740, 2004 WL 2984325, at *2 (E.D.La. Dec 14, 2004); *Perriloux v. BP Oil Co./Amoco*, 2002 WL 746349, at *2. This

motion is further disfavored when "the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion." *Concepcion v. Bomar Holdings, Inc.*, 1990 WL 13257, at *2 (S.D.N.Y. 1990). *See also* 2 J. Moore, Moore's Federal Practice, § 12.36[3] (3d ed.) ("the motion is even less well received when the movant simply seeks particularization of facts already known to it").

**ANALYSIS**

A review of the complaint filed on behalf of B&W confirms that the requirements of Rule 8 have been met. The complaint gives MSW and MSW Texas adequate notice of the claim, and provides a short and plain statement of the grounds upon which B&W would be entitled to relief. Although it does not include specific averments of time and place, such averments are not required, and the complaint, even without such specificity of time and place, meets Rule 8 notice pleading requirements.

Such information, moreover, and any additional relevant facts, can be obtained through the discovery process. The complaint provides a time frame for the underlying lawsuit, the denial of coverage by Starr, and the withdrawal of the settlement offer. Thus, B&W has provided MSW and MSW Texas sufficient information to determine when they should have placed Starr on notice, which of their employees was responsible for such notification, and whether prescriptive or affirmative defenses are applicable. MSW and MSW Texas may actually be in a better position than B&W to determine these facts relevant to time and place as this particular information is within their control.

The information provided in the complaint is sufficient to allow the Defendants to frame a responsive pleading. Indeed, Defendants' own motion demonstrates their understanding of the

claims asserted and their knowledge of facts underlying those claims. MSW and MSW Texas can respond to the complaint in good faith and without prejudice, even if the responses consist of simple denials. For those allegations for which Defendants have insufficient information to form a belief, they can so state in their denials, and seek to obtain the information through discovery.

Accordingly,

**IT IS ORDERED** that the Defendants McGriff, Seibels & Williams, Inc.'s and McGriff, Seibels & Williams of Texas, Inc.'s Motion For More Definite Statement be and is hereby **DENIED.**

New Orleans, Louisiana this ___8th___ day of June, 2006.

_____
**CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**