IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE BABCOCK & WILCOX COMPANY, | § | |
| Plaintiff, | § | Civil Action No. 05-4202 |
| | § | Civil Action No. 06-223 |
| | § | (Consolidated) |
| v. | § | |
| | § | Section "J" (1) |
| MCGRIFF, SEIBELS & WILLIAMS, | § | Judge Carl J. Barbier |
| INC. and MCGRIFF, SEIBELS & | § | |
| WILLIAMS OF TEXAS, INC., | § | Magistrate Judge Sally Shushan |
| Defendants | § | |
| | § | **JURY TRIAL DEMANDED** |

## ORDER

BE IT REMEMBERED that on this ____ day of _____, 2006, came on to be heard

Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, alternatively,

Motion for Administrative Stay of this action pending resolution of an underlying state court action and

certain insurance coverage issues, and Rule 12(b)(7) Motion to Dismiss for Failure to Join a Party under

Rule 19 of the Federal Rules of Civil Procedure, and the Court having considered same, any responses

thereto, and having heard the argument of counsel, finds as follows:

1. Starr Excess Liability Insurance Exchange ("Starr") is an excess insurer of the property damage and business interruption loss made the basis of a suit (the "Underlying Case") filed by Citgo Petroleum Corporation and PDV Midwest Refinery L.L.C., and joined by certain intervening insurance underwriters (the "Citgo Plaintiffs"), in Illinois state court against Babcock & Wilcox Company ("B&W");

2. B&W and the Citgo Plaintiffs have entered into a settlement agreement entitled Joint Stipulation and Accord ("JSA"), approved by the United States Bankruptcy Court for the Eastern District of Louisiana on December 22, 2005;

3. The JSA obligates B&W to pay, and B&W has paid, the sum of $7,500,000 to the Citgo Plaintiffs and further specifies a formula and certain conditions for any further payments that B&W may become obligated to make to the Citgo Plaintiffs as a result of full and final resolution of the Underlying Case; however, B&W retains the right to and continues to vigorously defend the Underlying Case;

4. As one of the conditions precedent to further payments by B&W to the Citgo Plaintiffs, B&W and the Citgo Plaintiffs are obligated to pursue all claims against Starr to full and final resolution;

5. The JSA further specifies that the amount of any recovery against Starr shall be used, in part, to reimburse B&W for the initial $7,500,000 payment;

6. Joinder of Starr is not feasible due to a mandatory arbitration provision that governs all questions of coverage that arise out of the Starr policy;

7. Any judgment rendered in the absence of Starr would be inadequate in that a determination of liability and damages, if any, against Defendants would be contingent and advisory until B&W's coverage issues with Starr are fully and finally arbitrated or otherwise resolved;

8.     Starr has an interest in the determination of the adequacy of notice of the Citgo Plaintiffs' claim and this Court will necessarily have to render a determination of the adequacy of such notice in order for there to be a final determination of Defendants' liability in this case;

9.     If this action is dismissed for nonjoinder, B&W may pursue arbitration of its dispute with Starr to ultimate resolution or the Citgo Plaintiffs may file a direct action against Starr;

10.     There is no way to determine the amount of uninsured damages B&W has suffered, if any, until full and final resolution of the Underlying Case and resolution of the Starr coverage issue; and

11.     There is no feasible way to fashion a full and complete resolution of this case in order to lessen or avoid any uncertainty or prejudice to the Defendants or to Starr.

It is, therefore,

ORDERED that this case is dismissed, without prejudice, for lack of ripeness and for failure to join Starr Excess Liability Insurance Exchange as a person needed for just adjudication of this case.

(or, alternatively)

ORDERED that the Court abstains from exercising jurisdiction over this controversy and this case is dismissed, without prejudice.

(or, alternatively)

ORDERED that the Court abstains from entertaining this case and this case is administratively stayed until full and final resolution of the Underlying Case and until all Starr insurance coverage issues

are finally determined through litigation, arbitration or direct action.

ENTERED this ____ day of _____, 2006.

THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE